```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

UNITED STATES OF AMERICA ex rel.)
TREMAYNE CORA #B79855,          )
                                )
            Petitioner,          )
                                )
      v.                         )    No.  11 C 9230
                                )
MARCUS HARDY,                    )
                                )
            Respondent.          )

## MEMORANDUM ORDER

Tremayne Cora ("Cora") has used the form of Petition for Writ of Habeas Corpus ("Petition") supplied by the Clerk's Office to proceed against Stateville Correctional Center Warden Marcus Hardy in Cora's statutory challenge to his July 2000 conviction on a first-degree murder charge on which he is currently serving a 35-year sentence.  Before this Court undertakes the threshold substantive review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, two preliminary matters should be addressed.

First, Cora has submitted an In Forma Pauperis Application ("Application"), seeking both to proceed without prepayment of the filing fee and to obtain the appointment of counsel to represent him pro bono publico.  But as to the first-stated purpose of the Application, Cora is obviously unaware that the filing fee for such a Petition is only the modest sum of $5.  Accordingly the Application is denied, with Cora being expected to pay that modest sum on or before January 26.

More importantly, Petition Pt. I calls for a further inquiry as to the timeliness requirement imposed by 28 U.S.C. §2244(d)(1) and (2).[1] Petition Pt. I ¶4 reflects that the direct review of Cora's conviction was concluded on August 28, 2002, 90 days after the ultimate state court affirmance (that 90-day add-on reflects the time within which Cora could have applied to the United States Supreme Court for a writ of certiorari, even though he did not do so). Because Cora then filed a state post-conviction petition on December 2, 2002 (Petition Pt. II ¶¶1.A and 1.B), 3 months and 4 days had then run on the one-year limitations clock before the tolling provision of Section 2244(d)(2) came into play by virtue of that filing.

What is difficult to understand is that Petition Pt. II ¶¶1.E and 1.F would suggest that it then took 6-1/2 years (from December 2, 2002 to May 21, 2009) for the post-conviction proceeding to reach the stage that Cora describes as "dismissal." At what level that intermediate dismissal took place is unclear, because according to Petition Pt. II. ¶1.I the final disposition of the state post-conviction proceeding took place on May 25, 2011.

From that May 25 date to December 22, 2011, the day on which Cora signed the Petition (for present purposes that date may be

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

considered the filing date under the "mailbox rule"), another 6 months and 27 days ran on the one-year limitations clock. Hence only a few months during which the state proceedings might not have been "pending" within the meaning of Section 2244(d)(2) would cause the current Petition to have been untimely filed.

To enable this Court to address the ultimate timeliness issue, some further explanation is needed. To that end Petition Pt. IV(F) lists the law firm of Gerren, Jordan, Boyd as having handled the state post-conviction proceedings. Although no such law firm is listed in the current Sullivan's Law Directory, Lee Boyd, Jr. (an attorney who has handled criminal cases before this Court in the past) is listed there as practicing at the exact address that Cora has specified for that firm.

It would seem likely that the lawyers who handled the case would be better able to provide specific information about the relevant dates in the processing of the post-conviction proceeding than Cora himself.[2] Accordingly this Court respectfully requests that on or before January 26, 2012 attorney Boyd provide a filing that sets out the relevant timetable from which this Court can make the necessary calculation under Section 2244(d). It will then determine the appropriate next

---

[2] Of course, if Cora does have that information readily available, this Court would welcome input on the subject from him as well.

3

step.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:   January 5, 2012