IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TREMAYNE CORA #B79855,               )
                                     )
              Petitioner,            )
                                     )
    v.                               )     No.  11 C 9230
                                     )
MARCUS HARDY,                        )
                                     )
              Respondent.            )

MEMORANDUM ORDER

As soon as this Court received the self-prepared Petition for Writ of Habeas Corpus ("Petition") filed by Tremayne Cora ("Cora"), it conducted a preliminary review of that presentation in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). That review revealed that a threshold look at the Petition's timeliness was obviously called for--as this Court's January 5, 2012 memorandum order pointed out, Cora's December 2, 2002 post-conviction petition in the state court was said to have taken fully 6-1/2 years (until May 21, 2009) to have reached the dismissal stage. After making a number of unsuccessful efforts to reach Cora's post-conviction attorney Lee Boyd, Jr. ("Boyd") to obtain some informed input in that respect,[1] this Court perforce had to look instead to the Attorney General's office for

---

[1] It has since been learned that attorney Boyd had died recently, explaining the failures of his office to respond to voicemail messages.

such enlightenment.

Assistant Attorney General David Iskowich has just submitted a thorough memorandum, replete with appropriate attachments, that explains the timeliness of the Petition under 28 U.S.C. §2244(d)(1) and (2). That makes it necessary to address the substantive sufficiency of the Petition, as to which this Court turns to the Attorney General's office for an answer, to be filed on or before April 16, 2012.[2]

One matter remains for discussion: Cora's Motion for Appointment of Counsel ("Motion"), which was tendered with the Petition. Although Cora has presented an adequate showing of his financial inability to retain counsel, his submission is lacking an essential ingredient required by our Court of Appeals--a statement as to his efforts to obtain counsel on his own. As and when that is provided, this Court will be in a position to consider the Motion. Cora has suffered no harm by reason of any delay in that respect, for Section 2254 Rule 5(e) specifies that any reply that may be needed from Cora necessarily follows the

---

[2] It is hoped that this opinion is not viewed by attorney Iskowich as qualifying for a "no good deed goes unpunished" characterization--the Attorney General's office is obviously in the best position to provide that analysis in the first instance. As for the timing of the required answer, it is shorter than this Court ordinarily allows, but it is hoped that the head start in reviewing the matter as reflected in the current memorandum will make it feasible to meet the shorter timetable. If such is not the case, this Court would of course be prepared to consider a motion for extension.

respondent's answer called for earlier in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 12, 2012