IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| TREMAYNE CORA #B79855, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  11 C 9230 |
| | ) | |
| MARCUS HARDY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

In this 42 U.S.C. § 2254 ("Section 2254") proceeding originally filed pro se by Tremayne Cora ("Cora"), able appointed counsel Standish Willis filed a December 28, 2012 "Petitioner's Response to Defendant's Reply" that focused in large part on the testimony during Cora's murder trial by witness Tamika Day ("Day"), who later recanted that testimony by stating that threats by the police had caused her to testify falsely.  There is no question that Day's testimony at trial loomed large in the prosecution's case -- the prosecutor characterized her as an "important witness" and referred to her key statement that Cora had said he would "air out this whole block" (that is, that he would engage in a shooting, which later took place and became the basis for the murder charge and conviction) no fewer than five times in the opening statement, once in the argument and once in the rebuttal phase of closing argument.

Day's assertedly perjurious testimony and her recantation were reflected in an affidavit signed by her that was submitted to Circuit Court Judge Evelyn Clay (Cora's trial judge) in a post-conviction petition, but Judge Clay summarily denied Cora's request for hearing on that

score. Cora then pursued that claim through an appeal of Judge Clay's order, but the Illinois Appellate Court affirmed her denial of a hearing. Hence Cora did not have the opportunity to develop those facts in evidentiary form at the state court level.

When attorney Willis raised that issue at the status hearing that followed his December 28 filing, this Court -- aware of the limitation posed on federal evidentiary hearings in connection with the habeas review of state court convictions (see Section 2254(e)(2)) -- originally indicated that Cora would have to pursue that matter through the state courts in the first instance, a result that would call for a stay-and-abey order in this case. But this Court's later review of the Supreme Court's now two-week-old decision in Ryan v. Gonzales, 81 U.S.L.W. 4025 (U.S. 2013) has led to its taking another look at Cullen v. Pinholster, 131 S.Ct. 1388 (2011) and at Judge Ripple's opinion for our Court of Appeals in Toliver v. Pollard, 688 F. 3d 853 (7th Cir. 2012).

To begin with, Toliver, id. at 860 quoted this excerpt from Pinholster, 131 S.Ct. at 1401:

> Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits in State court proceedings."

In Toliver (as in Cora's case) the state trial court denied a request for a evidentiary hearing, relying instead on an earlier record that contained affidavits but no in-court testimony -- and like Cora, plaintiff Toliver complained about that issue and attempted an appeal to the appellate court (688 F. 3d at 860). And that being so, Toliver, id. at 860 held:

> An evidentiary hearing under § 2254(e)(2) was proper in this case because Mr. Toliver diligently tried to develop the facts of his two claims in state court.

\* \* \*

- 2 -

There was nothing else Mr. Toliver could have done to develop the factual record. Therefore, the federal evidentiary hearing was proper under § 2254.

This Court's revisit to those controlling authorities has led it to reconsider its having earlier opted for the stay-and-abey procedure. Instead this Court is prepared to engage in an evidentiary hearing involving witness Day unless the Illinois Attorney General's office were to provide some persuasive argument to the contrary. This action is set for a status hearing at 8:45 am. February 1, 2013 to discuss the matter.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: January 22, 2013