IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TREMAYNE CORA #B79855,            )
                                  )
            Petitioner,           )
                                  )
      v.                          )   No.  11 C 9230
                                  )
MICHAEL LEMKE,[1] Warden,         )
                                  )
            Respondent.           )

## MEMORANDUM ORDER

Assistant Attorney General David Iskowich has filed a thorough--and thoroughly persuasive--Response to this Court's January 22, 2013 memorandum order ("Order"), urging the reversal of the Order's ruling that had granted habeas petitioner Tremayne Cora ("Cora") an evidentiary hearing to develop the factual basis for his claim that police had coerced witness Tamika Day ("Day") to provide some assertedly false--and importantly, assertedly material--statements during Cora's state court criminal trial. That filing caused this Court to retrace its steps, a procedure that uncovered the place where this Court had left the rails and the Order had consequently taken the wrong turn.

In brief, the Order had operated on the premise that the state post-conviction proceedings instituted by Cora had not eventuated in an ultimate state court ruling on the merits as to

---

[1] Because Michael Lemke has succeeded Marcus Hardy as the Warden at Stateville Correctional Center, this case caption has reflected his substitution as respondent.

the impact of the assertedly police-coerced false testimony of Day--testimony that she later recanted. As this Court had mistakenly understood the matter, the Illinois Appellate Court had not spoken to that issue in its review of the decision by the Circuit Court of Cook County.[2]

In any event, immediately on receipt of the current Response this Court had its law clerk print out the March 16, 2011 unpublished order of the Illinois Appellate Court in its Case No. 1-09-1663, in which that court affirmed as modified the order of the Circuit Court of Cook County that had granted the State's motion to dismiss Cora's state post-conviction petition without calling for an evidentiary hearing. Most critically, that unpublished order (2011 WL 9692905) held that Cora's allegations in that petition and its supporting materials had not made a substantial showing that his constitutional rights had been violated (citing People v. Orang, 195 Ill.2d 437, 448 (2001)). On that score the Appellate Court expressly held that even if Day's original version of events was perjurious, it was not material in the sense that it influenced, or could have influenced, the factfinding jury's deliberations on the issues

---

[2] For some unexplained reason, this Court's retained chambers file did not include the exhibits to the Answer to Cora's Petition, though when this Court went back to review the bidding on receipt of the current motion found that the Answer to Cora's Petition filed May 17, 2012 had listed the Appellate Court's disposition as its "Ex. M."

2

presented to it.  As the Appellate Court summarized its conclusion (2000 WL 9692905 at *3):

> It is not likely the portion of Day's testimony that she now recants would have influenced the jury to convict defendant.

And that being so, the Appellate Court affirmed the Circuit Court's dismissal of Cora's state post-conviction petition without requiring an evidentiary hearing.

Although Cora's 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus filed in this District Court had sought to advance other grounds for relief in addition to that based on Day's testimony, and although attorney Standish Willis (whom this Court had appointed to represent Cora) had done a highly commendable job of putting the best possible face on those added grounds as well as on the Day-based ground, the Assistant Attorney General's initial Answer to the Petition (filed May 17, 2012) demonstrated in detail and to this Court's satisfaction that the other grounds did not survive scrutiny through the lens of Section 2254(d) analysis.

That of course was the reason that the Order focused exclusively on what appeared to be the Petition's only potentially viable ground--the one based on the assertedly tainted Day testimony.  And now, with that potential ground also having succumbed in light of the restrictions imposed by Section 2254(d), the entire Petition has failed.

In sum, Section 2254(d) also precludes Cora's relitigation of his Day-testimony-based claim unless the state court decision was unreasonable--and this Court cannot say that. That being so, Section 2254(d) calls for this Court's reconsideration and reversal of its analysis and of its determination that an evidentiary hearing involving witness Day is called for (<u>Cullen v. Pinholster</u>, 131 S.Ct. 1388 (2011)). That calls for dismissal of the Petition, and this Court so orders. Finally, the previously scheduled February 1 status hearing is no longer necessary, and it is cancelled.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 31, 2013