IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TREMAYNE CORA #B79855,           )
                                 )
            Petitioner,          )
                                 )
    v.                           )    No. 11 C 9230
                                 )
MICHAEL LEMKE,[1] Warden,        )
                                 )
            Respondent.          )

## MEMORANDUM ORDER

Oscar Wilde, famous for his ironic aphorisms, said this through one of his characters in Act III of <u>Lady Windermere's Fan</u>:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

Assistant Attorney General David Iskowich, after having successfully persuaded this Court to turn 180 degrees from the course taken in its January 22, 2013 ruling that had viewed an evidentiary hearing as called for in resolving the 28 U.S.C. §2254 Petition filed by Tremayne Cora ("Cora"), has moved for clarification of this Court's ensuing January 31, 2013 memorandum order ("Order") that denied Cora's Petition and dismissed this action. In so doing, attorney Iskowich correctly pointed out that the Order had not spoken to all of the four grounds advanced

---

    [1] Because Michael Lemke has succeeded Marcus Hardy as the Warden at Stateville Correctional Center, this case caption has reflected his substitution as respondent (see Fed. R. Civ. P. 25(d).

by Cora in his pro se Petition (see the attached two pages).

This memorandum order is intended to cure that flaw. But before turning to that task, this Court believes that some explanation (though not offered as justification for the omission) is appropriate.

As soon as this Court received Cora's self-prepared Petition, it adhered to its uniform practice of reviewing and analyzing that Petition,[2] and it quickly determined that the only one of the four grounds advanced by Cora that appeared potentially viable was the fourth one. But because the Petition also posed some problems and raised some questions that needed attention before the merits could be addressed, this Court launched on a series of memorandum orders to deal with such threshold questions.

That close oversight of the case began with the issuance of a sua sponte memorandum order of January 5, 2012 inquiring into the timeliness of Cora's petition, then continued with a February 3 follow-up of that memorandum order when Cora's criminal defense lawyer in the state case failed to respond and with another February 24 follow-up when this Court learned that the

---

[2] That practice is indeed "uniform," because this Court follows it in <u>all</u> cases newly assigned to its calendar. But the practice is especially appropriate in habeas cases, because it is expressly prescribed by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

nonresponding counsel had recently died.  Next this Court issued a March 12 memorandum order that confirmed the Petition's timeliness and ordered an Answer by the Attorney General's Office (see Section 2254 Rule 4).

When that 35-page Answer was filed on May 17, this Court's prompt review tended to confirm this Court's initial take on Cora's arguments, but it was clear that Cora would need professional legal assistance in providing the reply contemplated by Section 2254 Rule 5.  Accordingly this Court swiftly appointed attorney Standish Willis to that post, and his full-scale work on the case ultimately produced an extensive work product.

When this Court's review of both sides' submissions led to a conclusion that confirmed its initial reaction that Cora's fourth ground for relief appeared to have the only potential for success, it focused on that ground and issued its January 22, 2013 memorandum order that called for an evidentiary hearing involving witness Tamika Day, rather than this Court's following the stay-and-abey procedure that attorney Willis had sought. That in turn led to the final act in the convoluted drama, with Assistant Attorney General Iskowich persuading this Court that no such evidentiary hearing was appropriate and that the Petition should simply be dismissed on the merits--but in so ruling this Court failed to note that it had never memorialized in written form its conclusions as to the failure of Cora's other three

3

grounds.

This review of the bidding has occupied more space and time than this Court had contemplated. But with that background, this memorandum order turns to treating those other three grounds.

Ground One was dead in the water from the very outset. Its attempted invocation of the Fourth Amendment was barred by the seminal 36-year-old decision in Stone v. Powell, 428 U.S. 465, 481-82 (1976) because, as taught by that controlling authority:

> We hold, therefore, that where the State has provided an opportunity for full and fair litigation of the Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Cora had clearly been provided that opportunity by the state judiciary, so that Ground One failed.

Ground Two was also closed to Cora, this time because the trial court's rulings as to cross-examinations of eyewitness Timothy Reason ("Reason") plainly did not run afoul of the Sixth Amendment's Confrontation Clause. Cora's trial counsel was given considerable leeway in inquiring into Reason's drug dealing, and as to drug usage--which Reason denied in any event--there was nothing to indicate that he was impaired at the time of the fatal shooting so as to raise any question as to the credibility of his eyewitness testimony. Nothing in the trial court's handling was "contrary to" federal law as established by United States Supreme

4

Court teaching, and the Illinois Appellate Court's treatment of that issue was both factually and legally reasonable.

Ground Three was a total non-starter, because the Illinois Appellate Court's conclusion ("After a review of the record in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found defendant guilty beyond a reasonable doubt") was unimpeachable in the terms expressly in slightly different verbiage in another seminal United States Supreme Court decision, Jackson v. Virginia, 443 U.S. 307, 319 (1979). And there too the Appellate Court's analysis and conclusion were both factually and legally reasonable.

In sum, the preceding analysis, coupled with what was held in the January 31, 2013 memorandum order dispatching Ground Four, confirms the propriety of this Court's total dismissal of Cora's Petition. And finally, as to the potential for issuance of a certificate of appealability ("COA") as called for by Section 2254 Rule 11(a), it is equally clear that none of the issues raised by Cora (including the submissions by his appointed counsel) satisfies the showing required by 28 U.S.C. §2253(c)(2). Hence this Court denies issuance of a COA. Cora may of course seek a COA from our Court of Appeals under Fed. R. App. 22.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2013

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A) Ground one  Due Process Violation
Supporting facts (tell your story briefly without citing cases or law):

That State Court erred in denying Petitioner's motion to quash arrest and suppress evidence where the trial court found consent to be voluntary where several officers, with guns drawn, confronted the defendant at his home in the middle of the night; and when the appellate court found that exigent circumstances supported the early morning arrest of the Petitioner by armed police officers acting without a warrant when the State did not advance an exigent circumstance argument in thetrial court, and the appellate court did not apply the relevant standards as announced in the United States Supreme Court and misapplied what it believe were the appropriate factors.

(B) Ground two  Due Process Violation
Supporting facts:

The State Court denied Petitioner his Sixth and Fourteenth Amendment rights to the United States Constitution and Article 1, section 8 of the Illinois Constitution when the trial court precluded the defense from cross-examining the only eyewitness to the shooting regarding his (the witness) drug use. (Cont. on 5A)

Revised: 7/20/05

(C) Ground three __Due Process Violation__
   Supporting facts:

Because reasonable doubt exists, the Petitioner's conviction stands in violation of the due process of law guaranteed by the Fourteenth Amendment to the United States Conviction and Article 1, section 2 of the Illinois Constitution. Continued on 6A

(D) Ground four __Due Process Violation__
   Supporting facts:

The State Court used perjured testimony to obtain a conviction when a material witness for the prosecution was coerced by the police to testify falsely during the prosecution's case-in-chief. Continued on 6D

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES ( x )   NO (  )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not: