IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TREMAYNE CORA #B79855,        )
                               )
        Petitioner,    )
                               )
   v.                 )   No.  11 C 9230
                               ) (USCA No. 13-1383)
MICHAEL LEMKE,[1] Warden,   )
                               )
        Respondent.   )

MEMORANDUM ORDER

After having resolved this 28 U.S.C. §2254 action adversely to habeas petitioner Tremayne Cora ("Cora"), this Court issued a February 14, 2013 memorandum order ("Order") that (1) provided a summary explanation of the reasons for rejecting each of the four grounds on which Cora had sought to rely and (2) concluded by denying the issuance of a certificate of appealability ("COA"), a subject on which a ruling is called for by Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  On the same February 14 date that this Court issued the Order, the Court of Appeals also denied a COA.

On March 19 Cora filed in the Court of Appeals a motion for leave to proceed on appeal in forma pauperis.  But 2because that motion should have been filed in this District Court in the first instance, our Court of Appeals caused the motion to be

---

[1]  Because Michael Lemke has succeeded Marcus Hardy as the Warden at Stateville Correctional Center, this case caption has reflected his substitution as respondent (see Fed. R. Civ. P. 25(d).

transferred here .

As chance would have it, that transfer came hard on the heels of a March 13 opinion by our Court of Appeals in <u>Thomas v. Zatecky</u>, No. 13-1136, 2013 WL 952434 (7th Cir. Mar. 13) that had provided a thoughtful--and highly useful--analysis of the relative standards applicable as between granting or denying a COA and granting or denying a motion for in forma pauperis treatment.  As the penultimate paragraph in <u>Thomas</u>, <u>id</u>. at *2 explained:

> We therefore deny Thomas's request that we permit him, and all other applicants for collateral relief, to file appeals without regard to the fees required by §1913 and the resolutions of the Judicial Conference. Thomas is, however, entitled to contest in this court the propriety of the district judge's declaration that the appeal has been taken in bad faith--a phrase that despite lay usage has been understood to mean objective frivolousness.  See <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000).  A frivolous appeal never meets the standard for a certificate of appealability.  But an appeal can be nonfrivolous and still flunk the standard established by §2253(c)(2), which conditions a certificate of appealability on "a substantial showing of the denial of a constitutional right."

Hence it is clear that Cora's failure to meet the more demanding COA standard does not control the resolution of the current motion.  But this Court has long been citing <u>Lee v. Clinton</u> for the proposition that in forma pauperis status requires not only a showing of indigency but also the appellant's advancement of a legally nonfrivolous basis (in objective terms) for the potential reversal of a district court ruling.

On that score this Court holds that the analysis set out in the Order establishes that Cora has also flunked the less demanding Lee v. Clinton standard.  Accordingly Cora's motion for leave to appeal in forma pauperis is denied--and as the Court of Appeals' March 27 order has already reminded Cora, he must refile the motion in that court pursuant to Fed. R. App. 24.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 5, 2013